```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

URSHELL CHASE et al.          :
                              :
v.                            :   Civil No. WMN-06-2566
                              :
RED ROOF INNS, INC. et al.    :

**MEMORANDUM**

Before the Court is the motion of Plaintiffs, Urshell Chase and Jerod Kimble, to dismiss this action without prejudice. Paper No. 15. Also pending before the Court is the motion of Defendants, Red Roof Inns, Inc. and Accor Lodging North America, Inc., to transfer this action to the United States District Court for the District of New Jersey. Paper No. 12. Both motions are now ripe for decision. Upon a review of the motions and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Plaintiffs' motion to dismiss will be granted and Defendants' motion to transfer will be denied as moot.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs are Maryland residents who stayed as guests at the Red Roof Inn in Lawrenceville, NJ from November 25, 2006, through November 27, 2006. In the early morning hours of November 26, 2005, Plaintiff Chase alleges that she awoke with itching and burning sensations on her face, arms and lower legs. Upon investigation, Chase discovered numerous small bugs in the

bed in which she had been sleeping.  After lodging a complaint with the employees of the Red Roof Inn, Plaintiffs were moved to a different room.  At approximately 4:30 a.m., paramedics arrived at the Red Roof Inn to treat Chase, and allegedly identified her injuries as the result of "bed bug" bites.  On the morning of November 27, 2006, Chase observed evidence of similar bites on the arms and waistline of Plaintiff Kimble, a minor.

In August 2006, Plaintiffs filed an amended complaint in the Circuit Court for Baltimore City alleging that Defendants' actions constituted common law negligence and violated the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-301.  On September 28, 2006, Defendants removed this action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  On October 12, 2006, Defendants filed a Motion to Transfer to the District of New Jersey, pursuant to 28 U.S.C. § 1404(a).  After opposing that motion, Plaintiffs, on October 30, 2006, filed a Motion to Dismiss pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.[1]

**II. DISCUSSION**

Under Rule 41(a)(2), after a defendant has answered a complaint, "an action shall not be dismissed at the plaintiff's

---

[1] In their Motion to Dismiss, Plaintiffs reference 28 U.S.C. § 41(a)(2).  For purposes of this Memorandum, the Court will assume that Plaintiffs' motion has been filed pursuant to Fed. R. Civ. P. 41, which governs dismissal of actions.

instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). As a general rule, "a plaintiff's motion . . . for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). The district court may condition dismissal without prejudice on the payment of the non-moving party's attorneys fees or litigation costs, but such conditions are not automatic. Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir. 1987). A dismissal with prejudice is only appropriate where the plaintiff has notice that the court is contemplating so extreme a remedy. Andes, 788 F.2d at 1037. In determining the propriety of granting a Rule 42(a)(2) motion, several courts have employed a non-exhaustive four factor list which includes: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a dispositive motion is pending." Wilson v. Eli Lilly & Co., 222 F.R.D. 99, 100 (D. Md. 2004) (citing Teck Gen. P'ship v. Crown Cent. Petroleum Corp., 28 F. Supp. 2d 989, 991 (E.D. Va. 1998)).

     Here, the Court finds that Defendants have failed to show that they would suffer substantial prejudice as a result of dismissal. While Defendants have no doubt spent time and money answering the complaint and removing the action to federal court, they have not incurred the more significant expenses of

3

litigation associated with drafting dispositive motions, pursuing discovery, or preparing for trial.  See Southern R.R. v. Chapman, 235 F.2d 43, 43-44 (4th Cir. 1956) (finding that dismissal was appropriate where the defendant had filed a motion to transfer but had not engaged in any discovery or filed a counterclaim); see also 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2364 (2d ed. 1995) (noting that the plaintiff is required to make a much stronger showing that dismissal without prejudice is warranted at a later stage in the suit, such as where "the plaintiff has concluded its evidence, the defendant has moved for a judgment as a matter of law, or the court has granted judgment for the defendant as a matter of law.").

Additionally, there are no dispositive motions pending before the Court and Defendants have presented no evidence that Plaintiffs have engaged in excessive delay throughout the course of the litigation.  Defendants argue that granting the motion to dismiss would allow Plaintiffs to re-file an identical action at a later date, potentially requiring defendants to repeat the action it has already taken.  The Fourth Circuit has held, however, that the "prospect of a subsequent lawsuit does not constitute prejudice for purposes of Rule 41(a)(2)."  Ellett Bros., Inc. v. U.S. Fidelity & Guaranty Co., 275 F.3d 384, 388-89 (4th Cir. 2001).

The only question remaining is whether the Court, as a condition of granting Plaintiffs' motion to dismiss, should require Plaintiffs to pay the costs or attorneys fees incurred by

4

Defendants in this case.  Defendants have not presented the Court with any evidence that substantial time or money was devoted to tasks which would not be useful in renewed litigation.  See Davis, 819 F.2d at 1276 (finding that no prejudice results from failing to condition dismissal on the payment of expenditures that will be useful in subsequent litigation).  Thus, the Court finds that the imposition of costs and fees is not warranted at this time, but notes that Rule 41(d) automatically makes payment of prior costs a possibility should Plaintiffs file a new suit.[2]

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' motion to dismiss will be granted and Defendants' motion to transfer will be denied as moot.  A separate order will follow.

                                                                     /s/
                                       William M. Nickerson
                                       Senior United States District Judge

Dated: November 29, 2006

---

[2] Rule 41(d) provides: "If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."  Fed. R. Civ. P. 41(d).